IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JUAN FERNANDO DELGADILLO-LARA,

Petitioner,

vs.

WARDEN, MCCOOK DETENTION CENTER,

Respondent.

8:26-CV-699

ORDER

The petitioner has filed a petition for a writ of habeas corpus, seeking release from U.S. Immigration and Customs Enforcement custody. Filing 1. The petitioner was detained on May 5, 2026, and he questions whether his continued detention is lawful. *See* filing 1.

This is not his first petition. In case no. 8:26-cv-465, on August 28, 2026, this Court conditionally granted his petition for a writ of habeas corpus, and ordered the Court to provide the petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and the corresponding regulations on or before September 4. *Delgadillo-Lara v. Warden*, case no. 8:26-cv-465 (D. Neb. Aug. 28, 2026). That bond hearing was held and bond was denied. Filing 1 at 6. The petitioner alleges that he appealed to the Board of Immigration Appeals, and that appeal remains pending. Filing 1 at 6.

The petitioner suggests that his continued detention may violate due process. *See* filing 1 at 9. This Court has held that for some aliens who have entered into and established residence in the United States, indefinite detention without a bond hearing pursuant to 8 U.S.C. § 1225(b)(2)(A) violates due process. *Oporta v. Mullin*, No. 8:26-CV-363, 2026 WL 2224753 (D. Neb.

Aug. 3, 2026). But the petitioner, this Court has already held, is detained pursuant to § 1226(a), not § 1225. *Delgadillo-Lara v. Warden*, case no. 8:26-cv-465, slip op. at 1-2 (citing *Dos Santos Silva v. Warden, Lincoln Cnty. Det. Ctr.*, No. 8:26-cv-131, 2026 WL 926725 (D. Neb. Apr. 6, 2026)). Accordingly, the petitioner can request a custody redetermination hearing based on circumstances that "have changed materially since the prior bond redetermination." *See* 8 C.F.R. § 1003.19(e); *see also* 8 C.F.R. § 236.1(d)(1).

Because the petitioner doesn't allege requesting a custody redetermination hearing, he failed to administratively exhaust his claim that his continued detention is unlawful. *See Geach v. Chertoff*, 444 F.3d 940, 945 (8th Cir. 2006). To the extent the petitioner is insisting that outright release, rather than a bond hearing, is the appropriate remedy, the petitioner's argument essentially invites the Court to reweigh the evidence available to the immigration judge, *see* filing 1 at 6, which the Court cannot do, *see* § 1226(e).

The petitioner's claim can be resolved by demanding a hearing, and then appealing an unsatisfactory ruling to the BIA. Accordingly,

IT IS ORDERED:

1. The petition for writ of habeas corpus is denied.

2. A separate judgment will be entered.

Dated this 10th day of November, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge